UNITED STATES DISTRICT COURT
NORTHERN DISTRTICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tyree Daniels, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Andrew M. Saul )<br>Commissioner )<br>Social Security Administration )<br>Agency, )<br><br>Defendant. ) | Case No:<br>Judge:<br>EEOC Case No: 520-2020-00241X<br>Agency Case No: NY-19-0716-SSA |

**1:20-CV-7476**
**JUDGE WOOD**
**MAGISTRATE JUDGE JANTZ**

**RECEIVED**
12/7/2020   LK
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## ORIGINAL COMPLAINT

**COMES NOW** Tyree Daniels, Plaintiff, pro se, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 USC Section 2000 et seq., and complains hypothetically and in the alternative, against Defendant, Andrew M. Saul, Commissioner, Social Security Administration, Agency, as follows:

### PARTIES

1. Tyree Daniels (hereinafter referred to as "Tyree" or "Plaintiff") is a United States citizen and an employee of the Social Security Administration (hereinafter referred to as "SSA" or "Defendant") in Chicago, Illinois. Tyree resides in the Chicago Metropolitan Statistical Area. SSA is a federal agency under the executive branch of the United States government. It is headquartered in Baltimore, Maryland, and it has offices that are located throughout the United States and its territories.

### JURISDICTION

2. Jurisdiction is proper pursuant to 28 USC Section 1331.

## VENUE

3. Venue is proper pursuant to 28 USC Section 1391(e)(1).

## FACTS

4. On or about April 27, 2009, Plaintiff began employment at SSA's Great Lakes Program Service Center in Chicago, Illinois.

5. On or about April 1, 2014, Plaintiff transferred to SSA's Downtown-Atlanta District Office.

6. On or about October 1, 2015, Plaintiff transferred to SSA's Chicago-South District Office.

7. On or about June 1, 2018, Plaintiff transferred to SSA's Marietta, Georgia District Office.

8. On or about October 1, 2018, Plaintiff transferred to SSA's Manhattan Social Security Card Center in New York City. The management staff that was in place there at the time of the events that gave rise to this complaint were: Eno Ikoli (hereinafter referred to as "Eno", who was the District Office manager); and Ines Vasquez (hereinafter referred to as "Ines", who was the District Office operations supervisor).

9. On or about February 1, 2019, Plaintiff sent an email of complaint to the management staff at Manhattan Social Security Card Center about a fraudulent visitor's time-keeping scheme that they encouraged among the employees.

10. On or about March 25, 2019, Plaintiff called in late. When he got into the office, Ines called a meeting with him to discuss Plaintiff having called off frequently in subsequent weeks since the start of the new year. Plaintiff reiterated to Ines his ongoing health issues that he had constantly provided medical evidence to substantiate. Plaintiff also reminded Ines that she did not approve his submitted off day requests from weeks prior. Ines was rude to Plaintiff at that meeting

as well as over the phone earlier that day when Plaintiff called to tell her that he would arrive to work late. Plaintiff told Ines so at the meeting about her rudeness.

11. On or about March 26-April 1, 2019, Plaintiff called off work.

12. On or about April 2, 2019, Ines called Plaintiff's desk-phone to tell him to certify his time-sheet. Plaintiff refused because Ines had improperly placed AWOL on his timesheet. She said that we could fix it later. Plaintiff still protested in certifying his time-sheet because he did not agree with what was on it.

13. On or about April 4, 2019, Plaintiff filed a grievance (that he ultimately won) against Ines for her constantly rude and disrespectful and unfair behavior towards him, as indicated above.

14. On or about April 22, 2019, Plaintiff and his union representative had a meeting with Eno for his grievance against Ines. During the course of the hearing, Plaintiff told Eno that he felt that Ines had been treating him disrespectfully and unfairly for months at that point because she had considered him to be disabled, and that Ines was being retaliatory against Plaintiff. Plaintiff requested from Eho an investigation of Ines treating him unfavorably due to Ines' perception of Plaintiff being disabled.

15. On or about May 1, 2019, Ines issued Plaintiff a bogus reprimand for hanging up the telephone on her on March 25, 2019 when he called in late; Plaintiff never hung up on Ines. On this same day, Ines placed an unfavorable and inaccurate mid-year review in Plaintiff's records.

## COUNT 1 (RETALIATION)

16. Plaintiff herein incorporates paragraphs 1-15 above as though fully stated herein.

17. Pursuant to 42 USC Section 2000e-3(a), *"It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge,*

*testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."*

18. Ines issued Plaintiff a reprimand, as well as placed an inaccurate and unfavorable mid-year review in his file, in retaliation for Plaintiff having filed a grievance against her. Too, Ines issued a reprimand to Plaintiff for Plaintiff having told her manager, Eno, that Ines had been treating him unfairly etc. on an on-going basis because Ines considered Plaintiff to be disabled and Plaintiff wanting an investigation.

**WHEREFORE,** Plaintiff requests that this Honorable Court issue an order in favor of Plaintiff and against Defendant:

A. Requiring Defendant to compensate Plaintiff $300,000.00; and

B. Any other further relief that this Honorable Court deems just and equitable.

Respectfully submitted,

*[signature]*

Tyree Daniels

13934 S. Dearborn Street

Riverdale, Illinois 60827

Tel. (773) 936-0091

Email: tyree.daniels2@gmail.com

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

Tyree Daniels

Plaintiff(s),

v. Andrew M. Saul, Commissioner,
Social Security Administration,
Agency
Defendant(s).

Case Number: _____

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is **Tyree Daniels** of the county of **Cook** in the state of **Illinois**.

3. The defendant is **Social Security Administration**, whose street address is **6401 Security Blvd.**, (city) **Baltimore** (county) — (state) **Maryland** (ZIP) **21235**
(Defendant's telephone number) (**410**) – **965-1234**

4. The plaintiff sought employment or was employed by the defendant at (street address) **2137 W. Lawrence Avenue** (city) **Chicago** (county) **Cook** (state) **Illinois** (ZIP code) **60625**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.  The plaintiff [*check one box*]

    (a) ☐   was denied employment by the defendant.

    (b) ☐   was hired and is still employed by the defendant.

    (c) ☑   was employed but is no longer employed by the defendant.

6.  The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) __May__, (day) __1__, (year) __2018__.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐*has* ☐*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

        (i)  ☐ the United States Equal Employment Opportunity Commission, on or about

             (month)_____ (day)_____ (year)_____.

        (ii) ☐ the Illinois Department of Human Rights, on or about

             (month)_____ (day)_____ (year)_____.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

    It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b)  The plaintiff received a Final Agency Decision on (month) __October__

(day) __26__ (year) __2020__.

(c)  Attached is a copy of the

(i) Complaint of Employment Discrimination,

☑ Yes   ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☑ Yes   ☐ N0, but a copy will be filed within 14 days.

8.  *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐  the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

(b) ☐  the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9.  The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]
    (a) ☐ failed to hire the plaintiff.

    (b) ☐ terminated the plaintiff's employment.

    (c) ☐ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ failed to stop harassment;

    (g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h) ☐ other (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Defendant retaliated against the plaintiff for having filed a grievance asking for investigation into disparate treatment for perception of disability.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ Yes ☑ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a)   ☐ Direct the defendant to hire the plaintiff.

    (b)   ☐ Direct the defendant to re-employ the plaintiff.

    (c)   ☐ Direct the defendant to promote the plaintiff.

    (d)   ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e)   ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f)   ☐ Direct the defendant to (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

_Tyree Daniels_
(Plaintiff's signature)

_Tyree Daniels_
(Plaintiff's name)

_13534 S. Dearborn street, Riverdale, IL 60827_
(Plaintiff's street address)

(City) _Chi, Riverdale_  (State) _IL_  (ZIP) _60827_

(Plaintiff's telephone number) (_773_)-_936-0091_

Date: _12/4/2020_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

6

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
33 WHITEHALL STREET, 5th FLOOR
NEW YORK, NEW YORK 10004

-------------------------------------------------------------------------x

TYREE S. DANIELS,

                                              Complainant,

v.

SOCIAL SECURITY ADMINISTRATION

                                              Agency.

-------------------------------------------------------------------------x

EEOC Hearing No.: 520-2020-00241X
Agency Case No.: NY-19-0716-SSA

## ORDER OF DISMISSAL

Notice is hereby given that the above captioned case is **DISMISSED** with prejudice pursuant to 29 C.F.R. §1614.109, Complainant has withdrawn his complaint in its entirety and wishes to file in federal district court. See Complainant's email of withdrawal attached.

Accordingly, this matter is hereby **DISMISSED** before the Commission.

It is so **ORDERED**

For the Commission:

*/s/Monique J. Roberts-Draper*                                   Date: October 26, 2020
Monique J. Roberts-Draper
Administrative Judge
Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor
New York, New York 10004

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing **ORDER OF DISMISSAL** immediately after electronic transmission. I certify that the foregoing **ORDER OF DISMISSAL** was sent to the following parties on October 26, 2020:

**Complainant**
Tyree Daniels
tyree.daniels2@gmail.com

**Agency Representative**
Fergus Kaiser
fergus.kaiser@ssa.gov

**Agency Final Action Authority**
SSA
DCHR.OCREO.Hearings.and.Appeals@ssa.gov