```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                      :
TYREE DANIELS,                                                        :
                                                                      :
                              Plaintiff,                              :
                                                                      :        22-cv-6297 (LJL)
                -v-                                                   :
                                                                      :        MEMORANDUM &
KILOLO KIJAKAZI,                                                      :        ORDER
                                                                      :
                              Defendant.                              :
                                                                      :
---------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

*Pro se* plaintiff Tyree Daniels ("Plaintiff") moves this Court for an order requesting the appointment of *pro bono* counsel to represent her in her employment discrimination lawsuit. Dkt. No. 53. Plaintiff initiated this action *in forma pauperis* on December 7, 2020, by complaint filed in the United States District Court for the Northern District of Illinois. Plaintiff is a resident of Chicago, Illinois. Dkt. No. 1 ¶ 1. He complains of disability discrimination and retaliation that he suffered as an employee of the Social Security Administration after he transferred to the Manhattan Social Security Card Center in October 2018. *Id.* ¶¶ 8–18. The same day he filed his complaint, Plaintiff also filed a motion in the United States District Court for the District of Illinois requesting appointment of counsel; the application noted that Plaintiff had contacted several organizations seeking representation but that they had each declined to take his case for free. Dkt. No. 5. The United States District Court for the Northern District of Illinois has a local rule requiring members of the trial bar to "be available for assignment by the court to represent or assist in the representation of those who cannot afford counsel." United States District Court for the Northern District of Illinois, Local Rule 83.11(h). Accordingly, the Court granted that motion and appointed counsel. Dkt. No. 8. Thereafter, as different lawyers filed motions to be relieved as counsel, the Court appointed new counsel. Dkt. Nos. 12, 14, 16, 17, 28, 29, 31, 32, 34, 35, 37, 38, 40, 41, 44.

Meanwhile, on November 12, 2021, Defendant filed a motion to dismiss or to transfer the case pursuant to 28 U.S.C. § 1406 for lack of venue, noting that at the time of the alleged acts of discrimination and retaliation, Plaintiff was located in New York, New York. Dkt. No. 23 ¶ 4. The Court granted that motion on July 6, 2022, and on July 21, 2022, the case was transferred to this Court. Dkt. Nos. 44–45.

Plaintiff's motion for the appointment of counsel notes that he was assigned counsel in the Northern District of Illinois but that no attorney was assigned when the case was transferred. Dkt. No. 53. He also notes that he has contacted many legal aid offices in New York but has been unable to obtain representation. *Id.*

The Court has authority to request an attorney to represent a person who is unable to afford counsel. The relevant factors in this Circuit are those set forth in *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986), *cert. denied*, 502 U.S. 986 (1991). The Court considers (1) whether plaintiff's position "seems likely to be of substance"; (2) whether the issues presented "might require substantial factual investigation" and "the indigent's ability to investigate the crucial facts"; (3) "the plaintiff's apparent ability to present the case" and "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder"; (4) whether the "case's factual issues turn on credibility"; (5) whether the legal issues presented are complex; and (6) "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id*. at 60–62.  This Court does not have a rule similar to that in the Northern District of Illinois requiring members of the bar to accept appointment.  Accordingly, "[b]ecause courts do not have funds to pay counsel in civil matters, courts must request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the 'precious commodity' of volunteer-lawyer time." *Washington v. Chase Bank N.A.*, 2022 WL 4238102, at *1 (S.D.N.Y. Sept. 14, 2022) (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989)).  As Plaintiff's form notice advises, and as this Court previously has stated, "requests for *pro bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case." Dkt. No. 53 at ECF p.1; *see also Washington v. Chase Bank*, N.A., 2022 WL 4238102, at *1 (S.D.N.Y. Sept. 14, 2022); *Eichie v. Kuakazi*, 2022 WL 1517242, at *1 (S.D.N.Y. Apr. 27, 2022).  The Court sees no reason to depart from that practice in this case.

Accordingly, the motion is denied without prejudice to renewal after the Court has issued a decision on the merits if Plaintiff is still unable to obtain counsel.

The Court further advises the Plaintiff that there is a Pro Se Law Clinic available to assist non-incarcerated people who are unrepresented parties in civil cases.  The Clinic may be able to provide a non-incarcerated pro se party with advice in connection with his case.  The Pro Se Law Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit).  The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY in Room LL22, which is just inside the Pearl Street entrance.  The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.  An unrepresented party can make an appointment in person or by calling (212) 659-6190 or (212) 613-5000.

SO ORDERED.

Dated: November 2, 2022
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge